FILED
2018 Oct-03 PM 12:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARY ELLIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) **Case No.: 4:17-CV-1470-VEH** |
| **TARGET CORPORATION,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This slip-and-fall case was originally filed on July 26, 2017, in the Circuit Court of Marshall County, by the Plaintiff, Mary Ellis, against the Defendant, Target Corporation. (Doc. 1-1 at 2). The Defendant removed the case to this Court on August 30, 2017. (Doc. 1). The Complaint sets out counts for negligence (Count One) and recklessness/wantonness (Count Two).

The case comes before the Court on the Defendant's Motion for Summary Judgment which was filed on June 5, 2018 (the "Motion"). (Doc. 12). Pursuant to this Court's Uniform Initial Order (doc. 4) any response to that motion was originally due no later than June 26, 2018. Any reply would have been due no later than July 10, 2018. This Court held a telephone conference on August 10, 2018, after no opposition

or reply brief was filed. (Doc. 16). During that conference, the parties informed the Court that settlement negotiations were ongoing, and requested that, to facilitate those negotiations, this Court set the deadline for response to the Motion for August 30, 2018. The Court did so. (Doc. 17). The reply brief would have been due no later than September 13, 2018. As of this date, nothing further has been filed.

The motion is now ripe for decision. For the reasons stated herein, the motion will be **GRANTED**, and this case will be **DISMISSED WITH PREJUDICE**.

**I.    STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the

moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

## II.    FACTS[1]

The following facts, proffered by the Defendant in support of the Motion, have not been disputed by the Plaintiff:

> 1. On July 27, 2015, Mrs. Ellis was shopping at the Target store in Huntsville, Alabama.
>
> 2. As she was entering the Target store, she stepped on a single piece of crayon that was lying on the floor.
>
> 3. When she stepped on the piece of crayon, her foot slipped and she fell.
>
> 4. There were no other crayons or pieces of crayons on the floor in the area where Mrs. Ellis fell.
>
> 5. The piece of crayon was less than half an inch in length and appeared to be just the tip of a crayon.
>
> 6. Mrs. Ellis did not see the crayon on the floor before she stepped on it.
>
> 7. The crayon made a single skid mark on the floor where Mrs. Ellis fell.

---

[1] As set out earlier in this Memorandum Opinion, the Plaintiff failed to oppose the Defendant's motion. Accordingly, none of the facts set out by the Defendant in its motion have been disputed. Therefore, each of the Defendant's facts has been included.

8. There were no other crayon marks on the floor in the area.

9. Mrs. Ellis did not know how long the crayon had been on the floor prior to her fall.

10. The area where Mrs. Ellis fell is close to the front door of the Target store. This area is closely and continuously monitored by Target employees to make sure that the area remains free of substances or objects that could pose a hazard to Target customers.

11. Target requires all employees look out for potential hazards and to alert other Target employees if they become aware of a hazard. Target employees are also required to immediately clean up any spills or other hazards they discover.

12. Prior to Mrs. Ellis' fall, Target employees were unaware of the presence of the crayon on the floor in the area.

13. Prior to Mrs. Ellis' fall, Target had received no complaints from customers or reports from Target employees of any crayon or other hazard on the floor in the area.

(Doc. 13 at 3-4) (citations omitted).

## III. ANALYSIS

In Alabama, in order to prove negligence in a slip and fall case, the Plaintiff must show:

> that the alleged substance that caused her to fall had been on the floor for such a length of time that constructive notice of its presence could be imputed to the defendants; that the defendants had actual notice that the substance was on the floor; or that the defendants were delinquent in not discovering and removing the substance....

*Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d 1247, 1249 (Ala. 2001). The Plaintiff has

failed to cite to any evidence which supports any of these bases for holding the Defendant liable. "In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors." *Smith v. Wells Fargo Bank, NA*, 233 So. 3d 991, 996 (Ala. Civ. App. 2016) (internal quotations and citations omitted). Furthermore, based on the undisputed state of the evidence, the Court affirmatively holds that there is no evidence that: (1) the crayon had been on the floor for such a length of time that constructive notice of its presence could be imputed to the Defendant; (2) that the Defendant had actual notice that the crayon was on the floor; or (3) that the Defendant was delinquent in not discovering and removing the crayon.

"However, in situations where the plaintiff has presented substantial evidence indicating that the defendant storekeeper has created the hazardous condition, the plaintiff is not required to prove that the storekeeper had actual or constructive notice of the hazardous condition; in such situations notice is presumed." *Rutledge v. Wings of Tuscaloosa, Inc.*, 848 So. 2d 1005, 1007 (Ala. Civ. App. 2002) (*citing Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So.2d 463, 464 (Ala.1992)). In this case, there is no evidence that the Defendant created the condition which caused the Plaintiff's fall. Summary judgment will be granted in favor of the Defendant, and against the Plaintiff as to Count One.

"To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 101 (Ala. 2010) (internal quotations and citations omitted). There is no evidence of wantonness in this case. Summary judgment will be granted in favor of the Defendant, and against the Plaintiff, as to Count Two.

## IV. CONCLUSION

For the foregoing reasons the Motion for Summary Judgment will be **GRANTED** and this case will be **DISMISSED with prejudice**. A Final Order will be entered.

**DONE** and **ORDERED** this 3rd day of October, 2018.

**VIRGINIA EMERSON HOPKINS**
Senior United States District Judge